UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> WILBUR ROSS, *et al.*, <br><br> Defendants. | No. 1:20−CV−00431−DAD−SAB <br><br> <u>ORDER GRANTING MOTION FOR PERMISSIVE INTERVENTION WITH CONDITIONS ON BRIEFING</u> <br><br> (Doc. No. 63) |

Plaintiffs, a coalition of six environmental organizations, bring this lawsuit against the National Marine Fisheries Service (NFMS), the U.S. Fish and Wildlife Service (FWS), the U.S. Bureau of Reclamation (Reclamation), and various official representatives of those agencies. (Doc. No. 52.) Plaintiffs' first and second claims for relief challenge the adoption by NMFS and FWS, respectively, of "biological opinions" prepared pursuant to the Endangered Species Act (ESA), 16 U.S.C § 1531 *et seq.*, regarding the impact of the long-term operation of the Central Valley Project (CVP) and the State Water Project (SWP) (collectively, "Water Projects") on various ESA-listed species. More specifically, the first and second claims for relief allege that NMFS and FWS violated the Administrative Procedure Act (APA), 5 U.S.C. § 706, in various ways by concluding that the Water Projects would not jeopardize the continued existence of the

1

ESA-listed species addressed in each biological opinion. Plaintiffs also bring claims against the Reclamation under the ESA (third claim for relief), and the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq*. (fourth claim for relief).

On March 25, 2020, this case was transferred to this district from the U.S. District Court for the Northern District of California in light of related cases already pending before the undersigned. (Doc. No. 112.) In the interest of expedience, the court adopts the following factual summary recently articulated by the transferor judge:

> In two biological opinions (one issued in 2008 by the U.S. Fish and Wildlife Service and one issued in 2009 by the National Marine Fisheries Service), the Water Projects were authorized to kill, as incidental to their operations, a limited number of threatened and endangered species of fish. [Doc. No. 52 at 3–4 (¶ 6).] In 2016, after years of drought, the agencies reinitiated consultation under the Endangered Species Act. [*Id*. at 3–4 (¶ 1), 5 (¶ 10).] In January 2019, the Bureau of Reclamation issued a biological assessment for a new operating plan for the Water Projects. [*Id*. at 4 (¶ 7).] The plaintiffs claim that the assessment increased the pumping of water from the Sacramento Delta (for export to the Central Valley and Southern California) and weakened or eliminated operational requirements in the 2008 and 2009 opinions that protected listed fish populations. [*Id.*]
>
> In July 2019, biologists at the Fisheries Service prepared a biological opinion that concluded that "Reclamation's proposed plan was likely to jeopardize listed salmon and steelhead . . . and was likely to destroy or adversely modify critical habitat, in violation of the Endangered Species Act." [*Id*. at 5 (¶ 10).] Then, on October 21, 2019, the Fisheries Service issued a biological opinion that concluded — in contrast to the July 2019 opinion — that Reclamation's proposed plan was not likely to jeopardize the existence of winter-run and spring-run salmon and Central Valley steelhead beyond that permitted under its 2009 opinion. [*Id*. at 5–6 (¶ 12).] Similarly, Fish and Wildlife Service issued an opinion that Reclamation's proposed plan was not likely to jeopardize the continued existence of the Delta Smelt or modify its habitat. [*Id*. at 5 (¶ 11).] On February 18, 2020, Reclamation adopted its proposed plan and began implementing the altered operations of the Central Valley Project. [*Id*. at 6 (¶ 14).]

(Doc. No. 112 at 2–3.)

Plaintiffs initiated this lawsuit on December 2, 2019. (Doc. No. 1.) On January 27, 2020, the transferor court granted permissive intervention to two CVP water contractors: the San Luis & Delta-Mendota Water Authority (Authority) and Westlands Water District (Westlands). (Doc. No. 37.) The plaintiffs filed their First Amended Complaint (FAC) on February 24, 2020. (Doc.

2

No. 52.) On March 4, 2020, a set of priority CVP water contractors, the Sacramento River Settlement Contractors (SRS Contractors), moved to intervene in this action. (Doc. 75.) On March 13, 2020, the parties stipulated to allow permissive intervention of the SRS Contractors and another set of CVP contractors, the Tehama-Colusa Canal Authority (TCCA), while imposing certain conditions on the length of the written oppositions to be filed by those intervenors to the pending motion for preliminary injunction. (Doc. No. 99.)

Now before the court is yet another motion to intervene, filed March 3, 2020, by a consortium of SWP contractors, the State Water Contractors (SWC), and its member agencies, which include the Metropolitan Water District of Southern California, Kern County Water Agency, Central Coast Water Agency, and Solano County Water Agency. (Doc. No. 63.) The SWC seek to intervene in this action as defendants as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or, alternatively, as a matter of permission pursuant to Rule 24(b). (*Id.*) An applicant is entitled to intervene as a matter of right if: (1) the motion is timely; (2) the applicant claims a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant is situated such that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the parties to the action. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (*en banc*); *see also Allied Concrete and Supply Co. v. Baker*, 904 F.3d 1053, 1067 (9th Cir. 2018). Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action," but "[w]here the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843-44 (9th Cir. 2011) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). "The decision to grant or deny [permissive] intervention is discretionary, subject to considerations of equity and judicial economy." *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990); *see also Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). When exercising this discretion, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original

3

parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Donnelly*, 159 F.3d at 412.

Here, plaintiffs oppose the motion to intervene as of right, arguing that SWC's motion is not timely because they waited more than three months after the filing of the initial complaint in this action to move to intervene. (Doc. 106 at 4–5.) However, plaintiffs do not object to permissive intervention by SWC so long as the court also imposes certain conditions on SWC's participation, including the imposition of strict briefing page limitations at both the preliminary injunction and later stages of this case, and the requirement that SWC avoid the submission of duplicative briefing by requiring it to coordinate its briefing with the other defendants. (*Id*. at 8–9.) Plaintiffs and SWC apparently attempted to reach a stipulation regarding permissive intervention, but could not agree to terms regarding the conditions to be imposed. (*See generally* Declaration of Jenna Mandell-Rice, Doc. No. 111-1.)

In the context of this highly complex case, and particularly in light of the time-sensitive nature of the motion for preliminary injunction now pending before it, the court can and will impose reasonable conditions upon briefing submitted by SWC in this action <u>regardless</u> of the method of intervention. *See* Advisory Committee Notes on Rule 24, 28 U.S.C. App., p. 567 ("intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings"), *cited with approval in Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987) (Brennan, J., concurring in part). Accordingly, the court takes the path of least resistance in connection with the present motion and will grant the unopposed motion for permissive intervention with conditions. There can be no doubt, and plaintiffs do not dispute, that SWC plainly meets the requirements for permissive intervention. Indeed, SWC has been permitted to intervene in numerous previous disputes over biological opinions covering the Water Projects. *See, e.g., Natural Res. Defense Council v. Bernhardt*, 1:05-CV-1207-DAD-EPG (Doc. No. 213); *Pacific Coast Federation of Fishermen's Ass'ns v. Gutierrez*, 1:06-CV-00245-OWW-GSA (Doc. No. 45); *Golden Gate Salmon Ass'n v. Ross*, 1:17-cv-01172-LJO-EPG (Doc. No. 34).

The court will only address in this order the imposition of conditions on SWC's briefing to be submitted in connection with the pending motion for preliminary injunction, leaving page

limits for the merits phase briefing to be determined at a later date (preferably by stipulation).[1] In order to ensure that plaintiffs' pending motion is not mooted by the passage of time required to digest and analyze the parties' arguments and evidentiary submissions, briefing <u>must</u> be constrained, either by stipulation or by the court. The court notes that with respect to the most recently added intervenor-defendants (SRS Contractors and TCCA), the parties have agreed to limit opposition briefs to 20 pages combined (or 10 pages if briefing separately). *See* Doc. 102 at 4. This briefing is in addition to plaintiff's thirty-page opening brief, (Doc. No. 81), Federal Defendants' thirty-page opposition, (Doc. No. 119), and an anticipated twenty-five-page filing by the first set of intervenor-defendants (Westlands and the Authority). (*See* Docs. 100, 106 n. 1.) The court believes that, for purposes of their opposition to the pending motion for a preliminary injunction, SWC should be afforded a maximum of fifteen pages, exclusive of exhibits, slightly more than each of other recent intervenors, in light of the fact that SWC is the only party to this case that has a direct interest in the regulatory requirements applicable to the SWP. SWC is further instructed to avoid the submission of duplicative briefing on issues covered by other defendants or intervenor-defendants. All parties are warned that any duplicative briefing will be disregarded by the court.

The court also recognizes that the existing deadline for defendant intervenors to file their oppositions to the pending motion is March 31, 2020. In order to facilitate the process of conforming its brief to this order, SWC shall have until noon on April 2, 2020 to file its opposition. In the interest of fairness, plaintiffs may, at their election, informally petition the court for appropriate relief from its existing reply deadline by emailing such a request to dadorders@caed.uscourts.gov, or may instead elect to file a separate reply to the SWC opposition on or before noon on April 12, 2020.

---

[1] The court understands that plaintiffs would prefer the court to impose general page limits at this time on intervenors' future briefing in order to avoid additional litigation on page limits as this case progresses. The court is sympathetic to this concern, but believes it cannot impose such page limitations in a vacuum. Nonetheless, all parties are forewarned that if they cannot reach agreement on how to reasonably constrain the length of their briefing addressing the merits of this action, the court will have no choice but to do so. Prolix briefing is in no one's best interest, and certainly not the court's, even in a case as complex as this one.

5

All parties are reminded that pursuant to Eastern District of California General Order 612, "[a]ll of the court's civil matters will be decided on the papers, or if the assigned Judge believes a hearing is necessary, the hearing will be by telephone or videoconference." The court will review all of the papers as expeditiously as possible and will inform the parties whether it intends to set a telephonic or video hearing on the pending motion and, if so, setting the date and time for that hearing.

IT IS SO ORDERED.

Dated: **March 29, 2020**

UNITED STATES DISTRICT JUDGE