PERKINS COIE LLP
Barbara J. Schussman, Bar No. 142352
Marc R. Bruner, Bar No. 212344
505 Howard Street, Suite 1000
San Francisco, CA 94105
(415) 344-7000
Email: mbruner@perkinscoie.com

BOLD, POLISNER, MADDOW, NELSON & JUDSON
Sharon M. Nagle, Bar No. 179124
Douglas E. Coty, Bar No. 227006
2125 Oak Grove Road, Suite 210
Walnut Creek, CA 94598
(925) 933-7777
Email: snagle@bpmnj.com

Attorneys for Proposed Defendant-Intervenor
CONTRA COSTA WATER DISTRICT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS; INSTITUTE FOR FISHERIES RESOURCES; GOLDEN STATE SALMON ASSOCIATION; NATURAL RESOURCES DEFENSE COUNCIL, INC.; DEFENDERS OF WILDLIFE; and BAY.ORG d/b/a THE BAY INSTITUTE,<br><br>Plaintiffs,<br><br>vs.<br><br>WILBUR ROSS, in his official capacity as Secretary of Commerce; CHRIS OLIVER, in his official capacity as Assistant Administrator for Fisheries at the National Oceanic and Atmospheric Administration; NATIONAL MARINE FISHERIES SERVICE; DAVID BERNHARDT, in his official capacity as Secretary of the Interior; AURELIA SKIPWITH, in her official capacity as Director, U.S. Fish and Wildlife Service; U.S. FISH AND WILDLIFE SERVICE; BRENDA BURMAN, in her official capacity as Commissioner of Reclamation; and U.S. BUREAU OF RECLAMATION,<br><br>Defendants. | Case No. 1:20-CV-00431-DAD-EPG<br><br>Related to Case No. 1:20-CV-00426-DAD-EPG<br><br>**STIPULATION AND ORDER REGARDING INTERVENTION OF CONTRA COSTA WATER DISTRICT** |

This stipulation is entered into by proposed Defendant-Intervenor Contra Costa Water District ("CCWD"); Plaintiffs Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, Golden State Salmon Association, Natural Resources Defense Council, Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute ("Plaintiffs"); Defendants Wilbur Ross, in his official capacity as Secretary of Commerce; Chris Oliver, in his official capacity as Assistant Administrator for Fisheries at the National Oceanic and Atmospheric Administration; National Marine Fisheries Service; David Bernhardt, in his official capacity as Secretary of Interior; Aurelia Skipwith, in her official capacity as Director of the U.S. Fish and Wildlife Service; U.S. Fish and Wildlife Service; Brenda Burman, in her official capacity as Commissioner of Reclamation; and U.S. Bureau of Reclamation ("Federal Defendants"); and Defendants-Intervenors San Luis & Delta-Mendota Water Authority ("SLDMWA"), Westlands Water District ("Westlands"), State Water Contractors ("SWC"), Tehama-Colusa Canal Authority ("TCCA"), and Sacramento River Settlement Contractors ("SRS Contractors").

1. WHEREAS, the Plaintiffs in the instant action allege that the Biological Opinions issued on October 21, 2019 ("2019 Biological Opinions"), by the U.S. Fish and Wildlife Service ("USFWS") and the National Marine Fisheries Service ("NMFS") for the coordinated long-term operations of the Central Valley Project ("CVP") and State Water Project ("SWP") do not comply with the requirements of the federal Endangered Species Act, and that the associated Final Environmental Impact Statement ("Final EIS") prepared and adopted by the U.S. Bureau of Reclamation ("Reclamation") does not comply with the requirements of the National Environmental Policy Act.

2. WHEREAS, prior to the issuance of the 2019 Biological Opinions, the long-term coordinated operations of the CVP and SWP were governed by a 2008 Biological Opinion issued by the USFWS and a 2009 Biological Opinion issued by NMFS ("2008 and 2009 Biological Opinions").

3. WHEREAS, Plaintiffs filed the instant action in the U.S. District Court for the Northern District of California ("Northern District"), naming only Federal Defendants as defendants. ECF No. 1.

4. WHEREAS, the Northern District granted SLDMWA and Westlands' motion for permissive intervention. ECF No. 37.

5. WHEREAS, the Northern District granted the SRS Contractors and TCCA permissive intervention, subject to specified conditions, pursuant to a stipulation by the parties. ECF No. 102.

6. WHEREAS, the Northern District transferred the action to this Court. ECF No. 112.

7. WHEREAS, this Court granted SWC's motion for permissive intervention, subject to specified conditions. ECF No. 122.

8. WHEREAS, the Court granted the City of Redding and Knights Landing Investors, LLC permissive intervention, as additional SRS Contractors, subject to specified conditions, pursuant to a stipulation by the parties. ECF No. 124.

9. WHEREAS, CCWD relies on the Sacramento-San Joaquin Delta ("Delta") for its water supplies to fulfill its mission of providing high-quality drinking water to its 500,000 customers in central and eastern Contra Costa County.

10. WHEREAS, CCWD seeks to intervene as a Defendant in this action, but only for the limited purpose and on a limited basis as described below in this Stipulation.

11. WHEREAS, CCWD's operations are governed by a separate set of biological opinions and permits that impose certain restrictions, for the protection of federally- and state-listed species, on when CCWD may divert water from its intakes in the Delta and when CCWD may fill its Los Vaqueros Reservoir.

12. WHEREAS, CCWD uses its Los Vaqueros Reservoir for storage, in order to shift the timing of its diversions from the Delta, which enables CCWD to meet the requirements specified in its biological opinions and permits while also ameliorating seasonal changes in Delta water quality so that it can continually provide high-quality drinking water to its customers.

13. WHEREAS, there are times each year when CCWD coordinates its operations with the operations of the CVP and SWP, in order to ensure that CCWD is not restricted in its

diversions and filling operations, beyond the restrictions that already are specified in CCWD's own biological opinions and permits.

14. WHEREAS, Reclamation has made a commitment in its Final EIS and its Record of Decision ("ROD") in this matter that it will continue to work with CCWD to ensure that the implementation of the plan of the operations for the CVP and SWP does not create new or additional restrictions on CCWD operations, beyond the restrictions that already are specified in CCWD's own biological opinions and permits, thereby ensuring that CCWD will have opportunities to fill Los Vaqueros Reservoir that are at least comparable to conditions in effect prior to the ROD.

15. WHEREAS, a remedy ordered by the Court or a settlement reached by the parties in this action could result in a change in how the CVP and SWP are operated.

16. WHEREAS, CCWD believes that such a change in how the CVP and SWP are operated could result in reduced availability of high-quality water at CCWD's intakes in the Delta, as well as the creation or imposition of new or additional restrictions on CCWD operations, beyond the restrictions that already are specified in CCWD's own biological opinions and permits.

17. WHEREAS, CCWD believes that these effects from a change in how the CVP and SWP are operated could reduce CCWD's opportunities to fill its Los Vaqueros Reservoir with high-quality water, as compared to the conditions in effect prior to Reclamation's ROD.

18. WHEREAS, CCWD seeks to protect its rights and interests and therefore seeks to intervene in this action.

19. WHEREAS, CCWD does not seek to intervene in this action with respect to any issues related to the merits of whether the 2019 Biological Opinions or the Final EIS are in compliance with the requirements of federal law.

20. WHEREAS, CCWD instead seeks to intervene in this action only to address those aspects of a Court-ordered remedy or a settlement by the parties that could result in the creation or imposition of new or additional restrictions on CCWD operations and its ability to fill its Los

Vaqueros Reservoir, beyond the restrictions that already are specified in CCWD's own biological opinions and permits.

21. WHEREAS, CCWD accordingly proposes to intervene only for the following purposes: (1) to submit briefing, evidence and argument on those specific aspects of a potential Court-ordered remedy, at such time when issues pertaining to remedy are presented to the Court, that could result in the creation or imposition of new or additional restrictions on CCWD's pumping or storage operations, where (A) such new or additional restrictions would be more restrictive than the restrictions that already are specified in CCWD's own biological opinions and incidental take permits; or (B) such new or additional restrictions would be more restrictive than the pre-ROD effects on CCWD's pumping or storage operations resulting from the OMR limits included in the 2008 and 2009 Biological Opinions; and (2) to participate in settlement discussions among the parties that could result in the creation or imposition of such new or additional restrictions on CCWD's pumping or storage operations as described above. Notwithstanding the foregoing, CCWD also agrees that it will not submit briefing, evidence or argument on: (1) whether the 2019 Biological Opinions or Final EIS comply with federal law; (2) aspects of any proposed Court-ordered remedy that address operations upstream of the Delta; and (3) aspects of any Court-ordered remedy that address Delta outflow requirements, except to the extent such aspects of any Court-ordered remedy that address Delta outflow requirements affect CCWD's pumping or storage operations.

22. WHEREAS, CCWD does not presently know when such Court proceedings or settlement discussions referenced above in Paragraph 20 may occur, and therefore seeks to intervene now in order to adequately preserve and protect its interests.

NOW, THEREFORE, it is hereby stipulated by and between Plaintiffs, CCWD, Federal Defendants, and Defendant-Intervenors, through their respective counsel, as follows.

A. CCWD shall be granted permissive intervention in this action pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

B. CCWD's intervention in the action shall be limited to the specific matters referenced above in Paragraph 20.

  C. CCWD's participation shall further be subject to any limitations that the Court may impose on that intervention, now or in the future, to ensure the fair and efficient resolution of this litigation.

  D. CCWD agrees to make a good-faith effort to avoid duplication of any arguments raised by any other party in this action.

  E. CCWD and Plaintiffs agree to meet and confer on the need for any proposed page limitations in any subsequent briefing in this case to which CCWD is a participant. CCWD and Plaintiffs reserve the right to seek or oppose additional limitations on the length of briefs in the event that CCWD and Plaintiffs are unable to reach an agreement on page limits.

DATED: Apr. 27, 2020   PERKINS COIE LLP

By: /s/ Marc Bruner
   MARC BRUNER
Attorneys for Proposed Defendant-Intervenor CONTRA COSTA WATER DISTRICT

DATED: Apr. 27, 2020   ALTSHULER BERZON LLP

By: /s/ Barbara Chisholm (authorized 4/27/20)
   BARBARA J. CHISHOLM
Attorneys for Plaintiffs GOLDEN STATE SALMON ASSOCIATION; NATURAL RESOURCES DEFENSE COUNCIL, INC.; DEFENDERS OF WILDLIFE, AND BAY.ORG d/b/a THE BAY INSTITUTE

DATED: Apr. 27, 2020   GLEN H. SPAIN

By: /s/ Glen H. Spain (authorized 4/27/20)
   GLEN H. SPAIN
Attorney for Plaintiffs PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS and INSTITUTE FOR FISHERIES RESOURCES

| | | |
|---|---|---|
| DATED: Apr. 28, 2020 | | U.S. DEPARTMENT OF JUSTICE<br>ENVIRONMENT & NATURAL RESOURCES<br>DIVISION WILDLIFE & MARINE RESOURCES<br>SECTION |

By: /s/ Lesley Lawrence-Hammer (authorized 4/28/20)
    LESLEY LAWRENCE-HAMMER
Attorneys for FEDERAL DEFENDANTS

DATED: Apr. 29, 2020    DOWNEY BRAND LLP

By: /s/ Meredith E. Nikkel (authorized 4/29/20)
    MEREDITH E. NIKKEL
Attorneys for Defendants-Intervenors RECLAMATION DISTRICT NO. 108; SUTTER MUTUAL WATER COMPANY; NATOMAS CENTRAL MUTUAL WATER COMPANY; RIVER GARDEN FARMS WATER COMPANY; PLEASANT GROVE-VERONA MUTUAL WATER COMPANY; PELGER MUTUAL WATER COMPANY; MERIDIAN FARMS WATER COMPANY; HENRY D. RICHTER, et al.; HOWALD FARMS, INC.; OJI BROTHERS FARM, INC.; OJI FAMILY PARTNERSHIP; CARTER MUTUAL WATER COMPANY; WINDSWEPT LAND AND LIVESTOCK COMPANY; MAXWELL IRRIGATION DISTRICT; BEVERLY F. ANDREOTTI, et al.; TISDALE IRRIGATION AND DRAINAGE COMPANY; PROVIDENT IRRIGATION DISTRICT; PRINCETON-CODORA-GLENN IRRIGATION DISTRICT and TEHAMA-COLUSA CANAL AUTHORITY

DATED: Apr. 29, 2020    SOMACH SIMMONS & DUNN

By: /s/ Andrew Hitchings (authorized 4/29/20)
    ANDREW HITCHINGS
Attorneys for Defendants-Intervenors GLENN-COLUSA IRRIGATION DISTRICT; RECLAMATION DISTRICT NO. 1004; CONAWAY PRESERVATION GROUP, LLC; DAVID AND ALICE teVELDE FAMILY TRUST; PELGER ROAD 1700, LLC; ANDERSON-COTTONWOOD IRRIGATION DISTRICT; CITY OF REDDING; and KNIGHTS LANDING INVESTORS, LLC

| | | |
|---|---|---|
| DATED: May 4, 2020 | | KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD |
| | | By: /s/ Daniel J. O'Hanlon (authorized 5/4/20)<br>DANIEL J. O'HANLON<br>Attorneys for Defendants-Intervenors<br>SAN LUIS & DELTA-MENDOTA WATER AUTHORITY and WESTLANDS WATER DISTRICT |
| DATED: Apr. 30, 2020 | | VAN NESS FELDMAN LLP |
| | | By: /s/ Jenna R. Manedell-Rice (authorized 4/30/20)<br>JENNA R. MANDELL-RICE<br>Attorneys for Defendant-Intervenor<br>THE STATE WATER CONTRACTORS |

# ORDER

The Court hereby grants permissive intervention to Contra Costa Water District pursuant to the terms of the parties' Stipulation.

IT IS SO ORDERED.

Dated: **May 10, 2020**

_____
UNITED STATES DISTRICT JUDGE