1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PACIFIC COAST FEDERATION OF                  No. 1:20−CV−00431−DAD−SAB
     FISHERMEN'S ASSOCIATIONS, *et al*.,

12                                                 ORDER RE PAGE LIMITS AND
                              Plaintiff,
13                                                 ORDER DIRECTING PARTIES TO
                        v.                         MEET AND CONFER IN AN ATTEMPT
14                                                 TO RESOLVE REMAINIGN DISPUTES
     WILBUR ROSS, *et al*.,                        REGARDING PENDING
15                                                 INTERVENTION MOTIONS
                              Defendants.
16

17   THE CALIFORNIA NATURAL                        No. 1:20-CV-00426-DAD-EPG
     RESOURCES AGENCY, *et al*.,
18                                                 ORDER RE PAGE LIMITS
                              Plaintiffs,
19

20                      v.

21   WILBUR ROSS, *et al*.,

22                            Defendants.

23

24

25        Pending in *Pacific Coast Federation of Fishermen's Associations v. Ross*, 1:20-CV-

26   00431-DAD-EPG (*PCFFA*), are several motions to intervene, which stand at various stages of

27   ripeness.  (*See PCFFA* Doc. Nos. 177 (intervention motion by Oakdale Irrigation District, *et al*.),

28   198 (Friant Water Authority, *et al*.), 206 (City of Folsom, *et al*.).)  No motions to intervene are

                                                  1

1    pending in *California Natural Resources Agency v. Ross*, No. 1:20-CV-00426-DAD-EPG

2    (*CNRA*), but nonetheless the issues addressed in this order are relevant to that case going forward.

3          This court has demonstrated a longstanding pattern and practice of allowing entities with

4    interests related the Central Valley Project (CVP) and State Water Project (SWP) to intervene

5    <u>with conditions</u> in cases concerning the CVP and SWP.  The parties are also well aware that in

6    these cases intervenors frequently are subject to page limitations that sometimes differ markedly

7    from those imposed upon other parties.

8          Here, there are presently nine groups of intervenors and prospective intervenors in *PCFFA*

9    alone.  (*See* Doc. Nos. 37, 102, 122, 124, 171, 177, 198, 206).  Quite legitimately, plaintiffs'

10   counsel are concerned that allowing additional parties will multiply the proceedings and unfairly

11   prejudice them by impeding the resolution of plaintiffs' claims.  (*See* Doc. No. 205 at 5.)  Page

12   limitations with respect to briefing appears to be the critical issue preventing stipulated resolution

13   of the pending motions.  (See *id.*; Doc. No. 206 at 4.)  To resolve this issue up front, the court

14   finds as follows.

15         In this court's experience, strict page limits and prohibitions on duplicative briefing are

16   absolutely necessary in a complex case with numerous parties.  As the parties are aware, this

17   court is one of the busiest in the nation and is facing an emergency due to the lack of judicial

18   resources (*see PCFFA* Doc. No. 115-2), a situation that has been compounded by the ongoing

19   public health emergency related to COVID-19 (*see* E.D. Cal. General Order 618).  The

20   undersigned is ready, willing, and able to adjudicate these matters, but will not allow the parties

21   to make doing so a practical impossibility.  Relatedly, some have demonstrated, at best, an

22   inconsistent regard for the court's prior instructions to avoid duplicative briefing.

23         No intervenor, whether entering a case as a matter of right or permissively, should expect

24   to be exempt from page limitations a court deems necessary to manage its caseload.  *See*

25   Advisory Committee Notes on Fed. R. Civ. P. 24, 28 U.S.C. App., p. 567 ("intervention of right

26   . . . may be subject to appropriate conditions or restrictions responsive among other things to the

27   requirements of efficient conduct of the proceedings"), cited with approval in *Stringfellow v.*

28   *Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987) (Brennan, J., concurring in part).

1      Because an appropriate balance on this issue has not been reached between plaintiffs,

2   defendants and intervenors on their own, the court will set up a framework designed to allow the

3   court a fighting chance to adjudicate the complex merits issues in this case in a reasonable

4   amount of time.  Accordingly, whatever page limitation applies to the plaintiffs and defendants at

5   the opening brief stage will likewise apply to all of the intervenors combined in each case.  For

6   example, where an opening brief is limited to 25 pages per Primary Party, all of the defendant

7   intervenors together will be afforded not more than 25 pages for their opening brief(s), which the

8   intervenors may divide among themselves.[1]  The court will entertain any reasonable arrangement

9   for oppositions and replies that follows this pattern, recognizing that the plaintiffs will be

10  responding to double the number of pages permitted in the Primary Parties' opening brief.

11  Requests to expand the opening brief limitations will be considered, but the parties are

12  forewarned that it is *highly* unlikely such a request will be granted.  Even within the assigned

13  number of pages, the court will not tolerate duplicative briefing.  Any filings that demonstrate

14  disregard for that restriction will result in an order to show cause why sanctions should not be

15  imposed.[2]  Intervenors are permitted to participate in a case because they bring a different

16  perspective and wish to protect their unique interests, not because the addition of more lawyers to

17  the case permits them collectively to find additional or different citations to support propositions

18  that already have been argued by another party.  In other words, intervenors are not welcome to

19  simply sing the same tune in another key.  The above restrictions apply with equal force in both

20  of the above-captioned cases.

---

21  [1]  The court will not at this time set the opening brief page limit(s) that will apply to the Primary

22  Parties at the merits stage of the case, as it is reasonable to assume the merits issues have not be
    fleshed out in sufficient detail for those Primary Parties to determine their needs.  That said, the

23  court will critically examine any proposal regarding expanded merits page limits for the Primary
    Parties.  As for other motions practice, the court is very unlikely to permit exceptions to its

24  normal page limits.

25  [2]  The court also notes that it will not tolerate any party that attempts to incorporate by reference

26  into its points and authorities large swaths of information contained in attachments or elsewhere
    in the record.  Doing so will be interpreted as a violation of a court-ordered page limitation,

27  which, according to the undersigned's standing order (*see PCFFA* Doc. No. 115-1 at 2), permits
    the court to disregard the extra materials.  The parties must explain—not just mention—their

28  arguments in their briefs or not at all.  Supporting documents are meant for just that—support.

1    The court believes it must impose these restrictions to avoid the near certainty that doing

2    otherwise will undermine the court's ability to exercise its constitutional function.  With this

3    ruling as a framework, the *PCFFA* parties are instructed to attempt to resolve the pending

4    motions to intervene.  To conserve party resources, any pending deadlines that remain related to

5    those motions are VACATED, and the motions will be held in abeyance.  If the motions cannot

6    be resolved by mutual agreement within fourteen (14) days of the date of this order, the parties

7    are to file a joint status report on day fifteen (15) indicating the efforts they undertook to reach

8    agreement, what issues remain in dispute, and whether a schedule needs to be re-set to complete

9    briefing on any of the pending intervention motions.

10   IT IS SO ORDERED.

11       Dated:   **July 10, 2020**                                    _Dale A. Drozd_

12                                                          UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    4