HAMILTON CANDEE (Cal. SBN 111376)
BARBARA JANE CHISHOLM (Cal. SBN 224656)
ELIZABETH VISSERS (Cal. SBN 321365)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: hcandee@altber.com; bchisholm@altber.com;
       evissers@altber.com

*Attorneys for Plaintiffs Golden State Salmon Association, Natural Resources Defense Council, Inc., Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute*

GLEN H. SPAIN (Cal. SBN 88097)
P.O. Box 11170
Eugene, OR 97440-3370
Telephone: (541) 689-2000
Email: fish1ifr@aol.com

*Attorney for Plaintiffs Pacific Coast Federation of Fishermen's Associations and Institute for Fisheries Resources*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR ROSS, in his official capacity as Secretary of Commerce, *et al.*, <br><br> Defendants. <br><br> THE CALIFORNIA NATURAL RESOURCES AGENCY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILBUR ROSS, et al., <br><br> Defendants. | Case No. 1:20-cv-00431-DAD-EPG <br> Case No. 1:20-cv-00426-DAD-EPG <br><br> **STIPULATION AND [PROPOSED] ORDER RE: ADMINISTRATIVE RECORDS REVIEW AND BRIEFING SCHEDULE** <br><br> Judge: Hon. Dale A. Drozd <br><br> Courtroom 5, 7th Floor <br> 2500 Tulare Street <br> Fresno, CA 93721 |

This stipulation is entered into by Plaintiffs in Case No. 1:20-cv-00431-DAD-EPG ("*PCFFA v. Ross*"), Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, Golden State Salmon Association, Natural Resources Defense Council, Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute, and Plaintiffs in Case No. 1:20-cv-00426-DAD-EPG ("*CNRA v. Ross*"), California Natural Resources Agency, California Environmental Protection Agency, and People of the State of California, by and through California Attorney General Xavier Becerra (collectively, "Plaintiffs"); Defendants Wilbur Ross, in his official capacity as Secretary of Commerce; Chris Oliver, in his official capacity as Assistant Administrator for Fisheries at the National Oceanic and Atmospheric Administration; National Marine Fisheries Service; David Bernhardt, in his official capacity as Secretary of Interior; Aurelia Skipwith, in her official capacity as Director of the U.S. Fish and Wildlife Service; U.S. Fish and Wildlife Service; Brenda Burman, in her official capacity as commissioner of Reclamation; and U.S. Bureau of Reclamation ("Federal Defendants"); Intervenor-Defendants Westlands Water District and San Luis & Delta-Mendota Water Authority (together, "SLDMWA and Westlands"); Intervenor-Defendants the Sacramento River Settlement Contractors and the Tehama-Colusa Canal Authority (collectively, the "Sacramento River Intervenors"); Intervenor-Defendants the State Water Contractors ("SWC"); Intervenor-Defendant Contra Costa Water District; Intervenor-Defendants Oakdale Irrigation District and South San Joaquin Irrigation District (collectively, the "Stanislaus Intervenors"); Intervenor-Defendants Friant Water Authority and Arvin-Edison Water Storage District (collectively, the "Friant Intervenors"); and Intervenor-Defendants City of Folsom, City of Roseville, and San Juan Water District (collectively, the "Folsom Intervenors").  All Intervenor-Defendants are collectively referred to hereinafter as the "Intervenor-Defendants." Plaintiffs, Federal Defendants, and Intervenor-Defendants are collectively referred to hereinafter as the "Parties."

## RECITALS

WHEREAS, Plaintiffs in the above-captioned cases challenge decisions by three federal agencies.  Plaintiffs in both cases challenge the issuance of biological opinions in 2019 by the U.S. Fish and Wildlife Service ("FWS") and National Marine Fisheries Service ("NMFS") regarding the

1  long-term operation of the Central Valley Project and the State Water Project (hereinafter, the
2  "Biological Opinions"), alleging that issuance of the Biological Opinions violates the
3  Administrative Procedure Act, 5 U.S.C. §706.  Plaintiffs in both cases also challenge the U.S.
4  Bureau of Reclamation's ("Reclamation") adoption of a revised operations plan for the Central
5  Valley Project, alleging that the Bureau has violated section 7 of the Endangered Species Act, 16
6  U.S.C. §1536, as well as the National Environmental Policy Act, 42 U.S.C. §4321 *et seq*. Plaintiffs
7  in *CNRA v. Ross* also challenge Reclamation's actions under the California Endangered Species
8  Act;

9  WHEREAS, each of the three federal agency defendants will produce their own
10 Administrative Record regarding the challenged decisions, and those Administrative Records are
11 each expected to be of significant length, potentially totaling tens of thousands of pages;

12 WHEREAS, Plaintiffs anticipate that there will be disputes regarding the contents and
13 completeness of the Administrative Records;

14 WHEREAS, the Initial Scheduling Conference in these cases is set for October 20, 2020
15 before Magistrate Judge Grosjean, *PCFFA* Dkt. 195, *CNRA* Dkt. 126;

16 WHEREAS, Federal Defendants answered Plaintiffs' complaint in *PCFFA v. Ross* on April
17 20, 2020, *PCFFA* Dkt. 156;

18 WHEREAS, Federal Defendants moved to dismiss Plaintiffs' CESA claim in *CNRA v. Ross*
19 on June 2, 2020 (*CNRA* Dkt. 117), and have not yet answered Plaintiffs' complaint in that case
20 since the motion to dismiss remains pending;

21 WHEREAS, the Federal Defendants have indicated that they anticipate the three
22 Administrative Records will be complete by mid-September;

23 WHEREAS, the Parties believe that it would be beneficial to enter a schedule and agreed-
24 upon terms relating to production and review of the record, and briefing regarding the
25 completeness of the record, in advance of the Initial Scheduling Conference;

26 WHEREAS, Plaintiffs reserve the right to seek modifications of this stipulated schedule
27 and file additional motions regarding the completeness of the administrative record for good cause,
28 including with respect to any later-discovered documents or records that have been excluded from

the produced administrative records, or the production of the administrative records and indices make the stipulated schedule unreasonable; Federal Defendants and Intervenor-Defendants reserve their rights to oppose any such motions, including, but not limited to, because such motions would be untimely; and

WHEREAS the Parties have a dispute regarding whether Intervenor-Defendants' briefing of any Record Motion(s) would be subject to the conditions of the Court's July 10, 2020 Order re Page Limits, PCFFA Dkt. 208; CNRA Dkt. 139 (July 16, 2020), that is, whether Intervenor-Defendants are subject to a combined briefing limit regarding the Administrative Records. Intervenor-Defendants will seek resolution of this issue after they have reviewed the Administrative Records and decided whether to file any Record Motion(s), and prior to filing any Record Motion(s).

**STIPULATION**

NOW, THEREFORE, it is hereby stipulated by and between the Parties, through their respective counsel, as follows:

1. Federal Defendants shall file the three Administrative Records from Reclamation, NMFS, and FWS in both cases on or before **September 23, 2020.** The Administrative Records shall generally be text searchable (with limited exceptions), and Federal Defendants shall provide accompanying indices for each Administrative Record that are fully text searchable.

2. Plaintiffs and Intervenor-Defendants shall notify all Parties of any objections, comments, or questions regarding the Administrative Records (hereinafter collectively "Records") by **November 4, 2020**.

3. The Parties will meet and confer in an attempt to resolve any dispute regarding the Records by no later than **November 18, 2020**, and Federal Defendants shall notify the Parties of their responses to any objections, comments, or questions regarding the Records by **November 25, 2020**. If Federal Defendants agree to include any additional documents in the Records, Federal Defendants shall provide copies of those documents

to the Parties by December 2, 2020, provided that Parties do not already possess the documents at issue.

4. If the parties resolve all disputes regarding the Records and no motions regarding the Records are filed by December 18, 2020, as discussed below in Paragraph 5, then Federal Defendants shall file updated Records, if applicable based on the responses provided to any objections, comments or questions as referenced in paragraph 3, by **December 21, 2020,** or as mutually agreed to by the Parties. If motions regarding the Records are filed by December 18, 2020, then Federal Defendants will file any updated Records within 30 days of the Court's order resolving those motions, or as otherwise mutually agreed to by the Parties or directed by the Court.

5. If the Parties are not able to resolve all issues relating to the contents of the Records, the objecting party shall file a motion seeking to complete or supplement the Records or making other arguments related to the adequacy of the Records ("Record Motion") by **December 18, 2020**, limited to 25 pages. Such a motion may argue in the alternative that the documents at issue should be considered as extra-record evidence. Because the CM/ECF system requires filing parties to select a hearing date, any such motion shall be calendared for a hearing date of **March 2, 2021**, although the Parties understand that such a motion will in fact be decided on the papers unless the Court specifically states otherwise.  The filing deadlines set forth in this stipulation, rather than the deadlines tied to the hearing date set forth by the Local Rules, shall govern briefing on the motion(s).

6. Federal Defendants shall file any response(s) to any Record Motion(s) by **January 29, 2021**, limited to 25 pages per response to each motion filed.

7. Plaintiffs may file a response to any motion by Intervenor-Defendants, and Intervenor-Defendants may file a response(s) to any motion by Plaintiffs, by **February 2, 2021**, being careful not to duplicate arguments made by the Federal Defendants' response(s). Any such additional response shall be limited to 15 pages.

8. The moving party shall file any reply in support of the Record Motion(s) by **February 22, 2021**, limited to 15 pages if only the Federal Defendants file a response to the Record Motion, and limited to 18 pages if additional responses are filed pursuant to paragraph 7 of this Stipulation.

9. If no party files a motion relating to the Administrative Records by December 18, 2020, the Parties will meet and confer to determine if they are able to reach agreement on a case schedule, including motions for summary judgment, and shall file a status report with the Court indicating such agreement regarding the schedule or, if no agreement is reached, presenting the Parties' positions, by **January 6, 2021**.

10. Within ten days of the Court's ruling on any Record Motion(s) filed by December 18, 2020, the Parties will meet and confer to determine if they are able to reach agreement on a case schedule, including motions for summary judgment, and shall file a status report with the Court indicating such agreement regarding the schedule or, if no agreement is reached, presenting the Parties' positions.

11. This stipulation in no way limits Plaintiffs' rights to file motions for preliminary injunctive relief and Federal Defendants and Intervenor-Defendants rights to oppose any such motions.

Respectfully submitted,

Dated: September 23, 2020

By: /s/ Sara Van Loh
SARA VAN LOH
Deputy Attorney General

XAVIER BECERRA
Attorney General of California
TRACY L. WINSOR
Supervising Deputy Attorney General

*Attorneys for Plaintiffs California Natural Resources Agency, California Environmental Protection Agency, and People of the State of California by and Through Attorney General Xavier Becerra*

| | |
|---|---|
| Dated:  September 23, 2020 | By: /s/ Barbara J. Chisholm<br>Barbara J. Chisholm<br><br>HAMILTON CANDEE (SBN 111376)<br>BARBARA JANE CHISHOLM (SBN 224656)<br>ELIZABETH VISSERS (SBN 321365)<br>ALTSHULER BERZON LLP<br>177 Post St., Suite 300<br>San Francisco, CA 94108<br>Telephone: (415) 421-7151<br>Facsimile: (415) 362-8064<br><br>*Attorneys for Plaintiffs Golden State Salmon Association, Natural Resources Defense Council, Inc., Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute* |
| Dated:  September 23, 2020 | By: s/ Glen H. Spain<br>Glen H. Spain<br><br>GLEN H. SPAIN (SBN 88097)<br>P.O. Box 11170<br>Eugene, OR 97440-3370<br>Telephone: (541) 689-2000<br><br>*Attorney for Plaintiffs Pacific Coast Federation of Fishermen's Associations and Institute for Fisheries Resources* |
| Dated:  September 23, 2020 | U.S. DEPARTMENT OF JUSTICE<br>ENVIRONMENTAL & NATURAL RESOURCES DIVISION, WILDLIFE & MARINE RESOURCES SECTION<br><br>By: /s/ Lesley Lawrence-Hammer<br>LESLEY LAWRENCE-HAMMER,<br>Senior Trial Attorney (DC Bar No. 982196)<br>999 18th St., Suite 370<br>Denver, CO 80202<br>Telephone: (303) 844-1368<br>Lesley.Lawrence-Hammer@usdoj.gov<br><br>*Attorneys for Federal Defendants* |

| | | |
|---|---|---|
| 1 | Dated:  September 23, 2020 | KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation |
| 2 | | |
| 3 | | By: /s/ Daniel J. O'Hanlon
Daniel J. O'Hanlon |
| 4 | | |
| 5 | | *Attorneys for Intervenor-Defendants,
San Luis & Delta-Mendota Water Authority
and Westlands Water District* |
| 6 | | |
| 7 | Dated:  September 23, 2020 | DOWNEY BRAND LLP |
| 8 | | By: |
| | | /s/ Meredith E. Nikkel
MEREDITH E. NIKKEL |

*Attorneys for Intervenor-Defendants RECLAMATION DISTRICT NO. 108, SUTTER MUTUAL WATER COMPANY; NATOMAS CENTRAL MUTUAL WATER COMPANY; RIVER GARDEN FARMS WATER COMPANY; PLEASANT GROVE-VERONA MUTUAL WATER COMPANY; PELGER MUTUAL WATER COMPANY; MERIDIAN FARMS WATER COMPANY; HENRY D. RICHTER, et al.; HOWALD FARMS, INC.; OJI BROTHERS FARM, INC.; OJI FAMILY PARTNERSHIP; CARTER MUTUAL WATER COMPANY; WINDSWEPT LAND AND LIVESTOCK COMPANY; MAXWELL IRRIGATION DISTRICT; BEVERLY F. ANDREOTTI, et al.; TISDALE IRRIGATION AND DRAINAGE COMPANY; PROVIDENT IRRIGATION DISTRICT; PRINCETON-CODORA-GLENN IRRIGATION DISTRICT; and TEHAMA-COLUSA CANAL AUTHORITY*

Dated: September 23, 2020     SOMACH SIMMONS & DUNN

By: /s/ Andrew Hitchings
ANDREW HITCHINGS

*Attorneys for Intervenor-Defendants GLENN-COLUSA IRRIGATION DISTRICT; RECLAMATION DISTRICT NO. 1004; CONAWAY PRESERVATION GROUP, LLC; DAVID AND ALICE te VELDE FAMILY TRUST; PELGER ROAD 1700, LLC; ANDERSON-COTTONWOOD IRRIGATION DISTRICT; CITY OF REDDING; and KNIGHTS LANDING INVESTORS, LLC*

Dated: September 23, 2020     VAN NESS FELDMAN, LLP

By: /s/ Jenna R. Mandell-Rice
JENNA R. MANDELL-RICE, Pro Hac Vice
Van Ness Feldman LLP
719 2nd Ave, Suite 1150
Seattle, WA 98104
(206) 623-9372 (tel)
(206) 623-4986 (fax)
jrm@vnf.com

*Attorney for Intervenor-Defendants The State Water Contractors*

Dated: September 23, 2020     KAPLAN KIRSCH & ROCKWELL, LLP

By: /s/ Matthew G. Adams
Matthew G. Adams

*Attorneys for Friant Water Authority and Arvin-Edison Water Storage District*

Dated: September 23, 2020     PERKINS COIE LLP

By: /s/ Marc R. Bruner
Marc R. Bruner

*Attorneys for Intervenor-Defendant CONTRA COSTA WATER DISTRICT*

| | |
|---|---|
| Dated:  September 23, 2020 | O'LAUGHLIN & PARIS, LLP |
| | By: _____/s/ *Timothy Wasiewski*_____<br>TIMOTHY WASIEWSKI |
| | *Attorneys for Intervenor-Defendant*<br>*Oakdale Irrigation District* |
| Dated:  September 23, 2020 | ROBBINS, BROWNING, GODWIN & MARCHINI |
| | By: _____/s/ *Kenneth Robbins*_____<br>KENNETH ROBBINS |
| | *Attorneys for Intervenor-Defendant*<br>*South San Joaquin Irrigation District* |
| Dated: September 23, 2020 | BARTKIEWICZ, KRONICK & SHANAHAN, PC |
| | By: _____/s/ *Jennifer T. Buckman*_____<br>JENNIFER T. BUCKMAN |
| | *Attorneys for Intervenor-Defendant City of Folsom, City of Roseville, and San Juan Water District* |

**[PROPOSED] ORDER**

The Court hereby enters the schedule set forth above according to the terms of the Stipulation.

IT IS SO ORDERED.

DATED: _____

                                            Hon. Dale A. Drozd
                                            United States District Judge