HAMILTON CANDEE (Cal. SBN 111376)
BARBARA JANE CHISHOLM (Cal. SBN 224656)
NICOLE COLLINS (Cal. SBN 338506)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: hcandee@altber.com; bchisholm@altber.com;
       ncollins@altber.com

*Attorneys for Plaintiffs Golden State Salmon Association, Natural Resources Defense Council, Inc., Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute*

GLEN H. SPAIN (Cal. SBN 88097)
P.O. Box 11170
Eugene, OR 97440-3370
Telephone: (541) 689-2000
Email: fish1ifr@aol.com

*Attorney for Plaintiffs Pacific Coast Federation of Fishermen's Associations and Institute for Fisheries Resources*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GINA RAIMONDO, in her official capacity as Secretary of Commerce, *et al.*, <br><br> Defendants. | Case No. 1:20-cv-00431-DAD-EPG <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION FOR 2022** |

Upon careful consideration of the Motion for Preliminary Injunction for 2022 ("Motion for Preliminary Injunction") filed by plaintiffs Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, Golden State Salmon Association, Natural Resources Defense Council, Inc., Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute (collectively, "Plaintiffs"), the parties' briefing and argument regarding that motion, the evidentiary record, and the applicable statutory and case law, and finding good cause shown, Plaintiffs' Motion for Preliminary Injunction is GRANTED.

IT IS HEREBY ORDERED that Defendant U.S. Bureau of Reclamation ("Reclamation"), its officers, agents, servants, employees and attorneys, and those in active concert or participation with Reclamation, are hereby preliminarily enjoined, from the effective date of this order through and including October 31, 2022, pursuant to Federal Rule of Civil Procedure 65, from operating the Central Valley Project in the manner described in the Final Biological Assessment for Reinitiation of Consultation on the Coordinated Long-Term Operation of the Central Valley Project and State Water Project issued by Reclamation on October 17, 2019, the Final Biological Opinion on Long Term Operation of the Central Valley Project and State Water Project issued by the National Marine Fisheries Service ("NMFS") on October 21, 2019, the Final Biological Opinion for the Reinitiation of Consultation on the Coordinated Operations of the Central Valley Project and State Water Project issued by the U.S. Fish and Wildlife Service ("FWS") on October 21, 2019, and the Final Environmental Impact Statement on the Reinitiation of Consultation on the Coordinated Long-Term Operation of the Central Valley Project and State Water Project, to the extent that such operation is inconsistent with the following requirements:

(1) Reasonable and Prudent Alternative Action IV.2.1, as set forth in the Biological Opinion and Conference Opinion on the Long-Term Operations of the Central Valley Project and State Water Project issued by NMFS on June 4, 2009 (at pages 642–44 of that opinion);

(2) Reasonable and Prudent Alternative Action IV.2.3, as set forth in the Biological Opinion and Conference Opinion on the Long-Term Operations of the Central Valley Project and State Water Project issued by NMFS on June 4, 2009, including but not

      limited to the prohibition on Old and Middle River flows more negative than -5,000 cubic feet per second on a fourteen-day running average (at pages 648–51 of that opinion);

(3) Daily Old and Middle River flows shall be zero or positive for seven consecutive days following the salvage of one or more Delta Smelt by the Central Valley Project or State Water Project;

(4) Shasta storage and temperature requirements by water year type:

    a. All of the following requirements shall apply if 2022 is classified as a Critically Dry year:

        i. Water storage in Shasta Reservoir shall be equal to or greater than 3.5 million acre-feet on April 30, 2022;

        ii. Water storage in Shasta Reservoir shall be equal to or greater than 1.9 million acre-feet on September 30, 2022;

        iii. Maximum daily average water temperatures shall be 54.5° Fahrenheit in the Sacramento River at the Clear Creek gauge from the date that initiation of spawning of winter-run Chinook salmon is observed or May 15, 2022, whichever is earlier, until October 31, 2022; and

        iv. Maximum temperature-dependent mortality of winter-run Chinook salmon shall be 30%;

    b. All of the following requirements shall apply if 2022 is classified as a Dry year:

        i. Water storage in Shasta Reservoir shall be equal to or greater than 3.5 million acre-feet on April 30, 2022;

        ii. Water storage in Shasta Reservoir shall be equal to or greater than 2.2 million acre-feet on September 30, 2022; and

        iii. Maximum daily average water temperatures shall be 53.5° Fahrenheit in the Sacramento River at the Clear Creek gauge from the date that initiation of spawning of winter-run Chinook salmon is observed or May 15, 2022, whichever is earlier, until October 31, 2022;

    c. The seven-day average of daily maximum temperatures shall be less than 61° Fahrenheit (16.1°C) in the Sacramento River at the Jelly's Ferry gauge from March 1 to May 15, 2022, or the date that initiation of spawning of winter-run Chinook salmon is observed, whichever is earlier; and

 (5) The provisions of the State Water Resources Control Board's Water Rights Decision 1641 applicable to the State Water Project and Central Valley Project, including requirements relating to Delta inflows, Delta outflow, X2, and closures of the Delta Cross Channel Gates.

 IT IS FURTHER ORDERED that Reclamation, its officers, agents, servants, employees and attorneys, and those in active concert or participation with Reclamation, shall curtail all water deliveries to, water supply allocations for, and water diversions by all contractors of the Central Valley Project and State Water Project, including settlement and exchange contractors, as necessary to achieve requirements (4) and (5) above, except for: (a) water deliveries necessary for human health and safety, as defined in section 878.1 of title 23 of the California Code of Regulations; and (b) water deliveries to wildlife refuges (Level 2) as required by section 3406(d) of Public Law 102-575.  Reclamation may move for relief from requirements (4) and (5) if, despite curtailing water deliveries to the contractors of the Central Valley Project and State Water Project as required herein, it is unable to meet requirements (4) or (5), as set forth above.  Prior to moving for relief from this Court, Reclamation shall meet and confer with Plaintiffs and other parties and provide modeling and information regarding water deliveries and operations sufficient to demonstrate that it is impossible to meet these requirements despite curtailing water deliveries.

 IT IS FURTHER ORDERED that the authorization for incidental take resulting from coordinated operations of the Central Valley Project and State Water Project in the 2019 Biological Opinions issued by FWS and NMFS is VACATED to the extent that the coordinated operations of the Central Valley Project and State Water Project violate the terms of this Order.

 IT IS FURTHER ORDERED that Reclamation shall promptly meet and confer with all Parties if 2022 is classified as a water year type other than Dry or Critically Dry, as the requirements of this injunction are narrowly tailored to address the irreparable harm likely to result

from the coordinated operations of the Central Valley Project and State Water Project in a Dry or Critically Dry water year type.

     IT IS SO ORDERED.

Dated: _____

                                               Hon. Dale A. Drozd,
                                               United States District Judge