UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> GINA RAIMONDO, *et al.*, <br><br> Defendants. | No. 1:20-cv-00431-DAD-EPG <br><br> ORDER REQUIRING SUPPLEMENTAL JOINT FILING |
| THE CALIFORNIA NATURAL RESOURCES AGENCY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GINA RAIMONDO, *et al.*, <br><br> Defendants. | No. 1:20-cv-00426-DAD-EPG <br><br> ORDER REQUIRING SUPPLEMENTAL JOINT FILING |

The undersigned has received and preliminarily reviewed the documents filed thus far in connection with the pending motions for voluntary remand and injunctive relief in the above-captioned case. These filings, which do not yet include any replies, consist of more than 2,000 pages of briefs, declarations, and attachments, not including the numerous instances in which the

1

briefs and declarations incorporate by reference other briefs and declarations from earlier-filed motions.  Put simply, the parties have buried the court in paper.  While the parties (and the dozens of lawyers and experts involved) may believe this is necessary to explain their competing positions considering the complicated and consequential factual and legal issues at stake in this action, the reality is that no court—even a court with little else to do—could possibly digest this amount of material in the timeframe in which the parties expect the court to act.

Among the central problems the court faces in traversing this mire is the fact that the briefs have all but completely obscured the specific protective measures being debated.  For this reason, the court directs the parties to collaborate to produce a document that will present the competing proposals in a more organized manner.  Specifically, the court requests a chart (or <u>concise</u> document that serves a similar purpose) organized according to the primary issues in dispute (e.g., Shasta Reservoir Operations, including carryover storage and temperature management on the Upper Sacramento River; and in-Delta operations, including Old and Middle River reverse flow constraints, any inflow:export ratio, and "storm flex") that will allow the court to compare the prescriptive measures proposed by each set of parties.  At this stage, this document should not include any argument about the relative merit of any of these measures.

To be more specific, to the extent any party is incorporating by reference measures set forth in any regulatory document, those measures must be specifically delineated, at least in summary form.  So, for example, to the extent the plaintiffs in the *Pacific Coast Federation of Fishermen's Association* case are requesting imposition of measures set forth in the 2008/2009 biological opinions, they should list and briefly describe those incorporated measures and any requested measures that depart from those biological opinions.  Likewise, for Federal Defendants and State Plaintiffs, where the measures incorporate aspects of the 2019 biological opinions and/or the 2020 State Incidental Take Statement, those incorporated measures must be listed and briefly described.  Finally, if Defendant-Intervenors believe it is absolutely necessary to add a third column (or section) to show the protective measures they believe should remain in place by default, they may do so.  In creating this chart, wherever requested measures are drawn from existing regulatory documents, the parties should provide brief, shorthand references to those

original regulatory documents—not to declarations or briefs.  The document shall be filed as soon as possible but no later than noon on January 24, 2022 and shall be emailed to the court at dadorders@caed.uscourts.gov in an editable format.

IT IS SO ORDERED.

Dated:  **January 17, 2022**

UNITED STATES DISTRICT JUDGE