HAMILTON CANDEE (Cal. SBN 111376)
BARBARA JANE CHISHOLM (Cal. SBN 224656)
NICOLE COLLINS (Cal. SBN 338506)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: hcandee@altber.com; bchisholm@altber.com;
ncollins@altber.com

*Attorneys for Plaintiffs Golden State Salmon Association, Natural Resources Defense Council, Inc., Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute*

GLEN H. SPAIN (Cal. SBN 88097)
P.O. Box 11170
Eugene, OR 97440-3370
Telephone: (541) 689-2000
Email: fish1ifr@aol.com

*Attorney for Plaintiffs Pacific Coast Federation of Fishermen's Associations and Institute for Fisheries Resources*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GINA RAIMONDO, in her official capacity as Secretary of Commerce, *et al.*, <br><br> Defendants. | Case No. 1:20-cv-00431-DAD-EPG <br><br> **PLAINTIFFS' RESPONSE TO SACRAMENTO RIVER INTERVENORS' OBJECTIONS TO EVIDENCE CITED IN PLAINTIFFS' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR VOLUNTARY REMAND WITHOUT VACATUR AND PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION FOR 2022 (DKT. 327)** <br><br> Hearing date: February 11, 2022 <br> Judge: Hon. Dale A. Drozd <br><br> Courtroom 5, 7th Floor <br> 2500 Tulare Street <br> Fresno, California 93721 |

The two evidentiary objections filed by Intervenor-Defendants Reclamation District No. 108, *et al.*, and Glenn Colusa Irrigation District, *et al.* (the "SRS Contractors"), and the Tehama-Colusa Canal Authority (collectively, the "Sacramento River Intervenors" or "SR Intervenors"), with respect to the expert declaration of Dr. Jonathan A. Rosenfield, Dkt. 327, are without merit and should be overruled.

Dr. Rosenfield's supplemental expert declaration submitted in support of Plaintiffs' motion for a preliminary injunction for 2022, Dkt. 325 ("Supp. Rosenfield Decl."), is clearly admissible and directly relevant to the questions of what irreparable harm is likely to befall the endangered and threatened species of fish at issue in the case before a full resolution of the merits of Plaintiffs' claims is possible. Remarkably, SR Intervenors continue to object to Dr. Rosenfield's consideration of NMFS' 2017 draft Shasta RPA Amendment. Dkt. 327 at 5. However, the 2017 draft Shasta RPA Amendment is part of the administrative record in this case, *see* Dkt. 308; Dkt. 306-1, and is admissible as the admission of a party opponent, Fed. R. Evid. 801(d)(2)(D).

Further, SR Intervenors' suggestion that Dr. Rosenfield, as an expert with vast experience studying the effects of Water Project operations on fish populations, cannot consider public documents regarding Water Project operations in forming his opinion, is wholly without merit. Dr. Rosenfield certainly qualifies as an expert with specialized knowledge of these imperiled fish species and the effects of Water Project operations on the fish populations. *See* Dkt. 82, ¶¶2–5, Exh. A; Fed. R. Evid. 701, 702. Moreover, even if SR Intervenors could make out a valid concern with respect to Dr. Rosenfield's expertise (they cannot), such objections go to the weight accorded to Dr. Rosenfield's testimony, rather than to admissibility. *See S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 257 F.R.D. 607, 616 (E.D. Cal. 2009).

In addition to their narrative objections, SR Intervenors make objections to individual paragraphs of Dr. Rosenfield's declaration. Those objections should be overruled for the following reasons.

| Material Objected To | Grounds for Objection (as stated by SR Intervenors) | Plaintiffs' Response to Objection | Ruling |
|---|---|---|---|
| Supp. Rosenfield Decl. ¶¶33, 41–42 | FRE 701, 702.<br><br>Dr. Rosenfield is a biologist. Rosenfield Decl. ¶ 1. He does not demonstrate any qualification to opine on the accuracy and sufficiency of temperature models or the interpretation of model results and their application to water resource management.<br><br>Nevertheless, Dr. Rosenfield specifically opines on temperature modeling, concluding that temperature modeling performed in 2021 by NMFS "clearly demonstrated that releasing more water during the spring and summer led to higher river temperatures, higher winter-run TDM, and lower end-of September storage."<br><br>FRE 702 requires "scientific, technical, or other specialized knowledge" to opine on such matters. This would include, for example, experience or education in hydrology, hydraulics, water temperatures, and water resources planning and management. Because Dr. Rosenfield does not demonstrate any level of experience or education in this subject matter, he is not qualified to offer opinions on temperature modeling. Therefore, these objections should be sustained and these opinions should be | SR Intervenors object to three paragraphs of Dr. Rosenfield's declaration and assert that he should not be permitted to rely on Federal Defendants' modeling and should not be allowed to explain that this modeling indicates that "releasing more water during the spring and summer" would result in higher in-stream temperatures and higher temperature-dependent mortality of winter-run Chinook salmon. SR Intervenors fail to identify any technical expertise that would be necessary for Dr. Rosenfield to consider and describe the temperature modeling.<br><br>First, ¶33 does not rely on or refer to any technical knowledge of the accuracy of Reclamation's temperature modeling. Rather, the objected-to paragraph reflects Dr. Rosenfield's opinion regarding the effects of specific water temperatures on survival of salmon, an issue on which he is fully qualified to opine.<br><br>Dr. Rosenfield has more than 20 years of experience analyzing the effects of Central Valley Project and State Water Project operations on salmon, including water temperature effects from reservoir operations. Dkt. 82 ¶¶2–5. This includes experience regarding Reclamation's failure to adequately model and manage water temperatures at Shasta Dam, see Supp. Rosenfield Decl. ¶41, which does not require a degree in hydrology or hydraulics. | ☐ Sustained<br><br>☐ Overruled |

| | | | |
|---|---|---|---|
| | | disregarded. | Second, Dr. Rosenfield's opinion in ¶¶41–42 appropriately considers the analyses and conclusions of the National Marine Fisheries Service ("NMFS"). This information from NMFS is of the kind that experts "would reasonably rely on . . . in forming an opinion on the subject," Fed. R. Evid. 703, and Dr. Rosenfield's declaration fully discloses the basis for his conclusions. | |
| | Supp. Rosenfield Decl. ¶¶18, 31, 33, 38–39, 42 | FRE 701, 702.<br><br>Dr. Rosenfield states his agreement with a 2017 draft Shasta RPA regarding the performance of Reclamation's river temperature model. Again, Dr. Rosenfield is not qualified to provide an opinion on river temperature models. Dr. Rosenfield does not state the facts, analysis, or methodology supporting his conclusion that the draft 2017 NMFS RPA correctly assesses Reclamation's river temperature model. Moreover, Dr. Rosenfield is not entitled to rely on draft, non-peer reviewed documents such as the 2017 NMFS RPA.<br><br>Notably, Sacramento River Intervenors asserted objections to the 2017 draft Shasta RPA in response to a prior Rosenfield Declaration's references to it and PCFFA Plaintiffs' counsel's declaration attaching it. See Dkts. 127-3, at 5 and 190, at 8-9. The Court noted the Sacramento River Intervenors' objection, | SR Intervenors object to six paragraphs in which Dr. Rosenfield cites or relies on a public document that is admissible evidence (as well as being a document in the administrative record), and which describes the effects of Reclamation's temperature management on salmon. The objection is not well-taken.<br><br>First, as noted above, Dr. Rosenfield has more than 20 years of experience analyzing the effects of Central Valley Project and State Water Project operations on salmon, including water temperature effects from reservoir operations. Dkt. 82 ¶¶2–5. He is more than able to review, understand, and explain to the Court the content of NMFS' draft 2017 Shasta RPA.<br><br>Second, SR Intervenors assert that Dr. Rosenfield is not "entitled" to rely on the 2017 NMFS RPA, suggesting that because the RPA was not adopted by Reclamation, there is some evidentiary bar to relying on it or explaining its content. That is not the case. Indeed, the draft 2017 NMFS RPA | ☐ Sustained<br><br>☐ Overruled |

| | | | |
|---|---|---|---|
| | clarifying: "However, here the court is simply considering the document as part of the consultation history and context, not for the truth of the matters addressed therein." Dkt. 203, at 8 n.5 in relation to PCFFA Dkt. 85-8 (the 2017 draft Shasta RPA). The Sacramento River Intervenors have since reiterated this objection in response to PCFFA Plaintiffs' continued reliance on the objectionable material. *See* Dkt. 282, at 6-7. | is included in the administrative record in this case, Dkt. 308; Dkt. 306-1, and it is admissible evidence, including as an admission of a party opponent, Fed. R. Evid. 801(d)(2)(D). Moreover, it is a final, public document and experts are permitted to rely on government documents. (Indeed, experts may rely on documents that are not admissible. *See* Fed. R. Evid. 703).<br><br>Finally, the suggestion that Dr. Rosenfield should not have considered NMFS's analysis because it was not peer-reviewed is mistaken. An expert in Dr. Rosenfield's field would reasonably rely on the draft RPA that NMFS finalized and publicly transmitted to Reclamation. Fed. R. Evid. 703. | |

Respectfully submitted,

Dated: January 24, 2022  /s/ Barbara J. Chisholm

HAMILTON CANDEE (Cal. SBN 111376)
BARBARA JANE CHISHOLM (Cal. SBN 224656)
NICOLE COLLINS (Cal. SBN 338506)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

*Attorneys for Plaintiffs Golden State Salmon Association, Natural Resources Defense Council, Inc., Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute*

Dated: January 24, 2022  /s/ Glen H. Spain

GLEN H. SPAIN (Cal. SBN 88097)
P.O. Box 11170
Eugene, OR 97440-3370
Telephone: (541) 689-2000

| | |
|---|---|
| 1 | |
| 2 | *Attorney for Plaintiffs Pacific Coast Federation of Fishermen's Associations and Institute for Fisheries Resources* |
| 3 | |

# PROOF OF SERVICE

CASE: *Pacific Coast Federation of Fishermen's Associations, et al. v. Raimondo, et al.*

CASE NO: U.S. Dist. Ct., E.D. Cal., Case No. 1:20-cv-00431-DAD-EPG

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action; my business address is 177 Post Street, Suite 300, San Francisco, California 94108. I hereby certify that on January 24, 2022, I electronically filed the following with the Clerk of the Court for the United States District Court for the Eastern District by using the CM/ECF system:

**PLAINTIFFS' RESPONSE TO SACRAMENTO RIVER INTERVENORS' OBJECTIONS TO EVIDENCE**

All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 24th day of January, 2022, at Berkeley, California.

*/s/ Barbara J. Chisholm*
Barbara J. Chisholm