HAMILTON CANDEE (Cal. SBN 111376)
BARBARA JANE CHISHOLM (Cal. SBN 224656)
NICOLE COLLINS (Cal. SBN 338506)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: hcandee@altber.com; bchisholm@altber.com;
    ncollins@altber.com

*Attorneys for Plaintiffs Golden State Salmon Association, Natural Resources Defense Council, Inc., Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute*

GLEN H. SPAIN (Cal. SBN 88097)
P.O. Box 11170
Eugene, OR 97440-3370
Telephone: (541) 689-2000
Email: fish1ifr@aol.com

*Attorney for Plaintiffs Pacific Coast Federation of Fishermen's Associations and Institute for Fisheries Resources*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GINA RAIMONDO, in her official capacity as Secretary of Commerce, *et al.*,<br><br>Defendants. | Case No. 1:20-cv-00431-DAD-EPG<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DECLARATIONS FILED BY INTERVENORS REGARDING ECONOMIC HARM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing date: February 22, 2022*<br>Judge: Hon. Dale A. Drozd<br><br>Courtroom 5, 7th Floor<br>2500 Tulare Street<br>Fresno, California 93721 |

---

\* Pursuant to General Order No. 618 and this Court's prior minute orders, all civil motions will be decided on the papers unless otherwise ordered by the Court. In light of these orders, and because filers are required to select a hearing date when filing a motion using the ECF system, Plaintiffs have noticed this motion for hearing on February 22, consistent with Local Rule 230(b).

**TO ALL PARTIES AND TO COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, Golden State Salmon Association, Natural Resources Defense Council, Inc., Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute (collectively, "Plaintiffs"), by and through their undersigned counsel, will, and hereby do, move to strike certain declarations and portions of declarations submitted by Intervenors in support of their opposition to Plaintiffs' Motion for Preliminary Injunction for 2022, and references to those declarations in Intervenors' opposition brief, as follows:

1. The entirety of the Declaration of John Dickey (Dkt. 335).
2. The entirety of the Declaration of Erik Wilson (Dkt. 336).
3. The entirety of the Declaration of Baldomero Hernandez (Dkt. 345).
4. Declaration of Jose Gutierrez (Dkt. 346) ¶¶8–13.
5. Declaration of Anthea Hansen (Dkt. 347) ¶¶7, 9.
6. The entirety of the Declaration of the City of San Joaquin Mayor Julia Hernandez (Dkt. 348).
7. The entirety of the Declaration of James L. Jasper (Dkt. 349).
8. The entirety of the Declaration of Martin Macias (Dkt. 350).
9. The entirety of the Declaration of Natalie Caples (Dkt. 351).
10. Declaration of Lon M. Martin (Dkt. 352) ¶¶5–6, 8, 10–13 & Exh. A (Dkt. 352-1).
11. Declaration of Cindy Kao (Dkt. 353) ¶24.
12. The entirety of the Declaration of Dr. Michael A. Shires (Dkt. 355).
13. Declaration of William Diedrich (Dkt. 357) ¶¶6–11, 13.
14. Declaration of Ian Buck-MacLeod (Dkt. 359) ¶¶12–13.
15. Section III.B of Intervenors' opposition brief, page 27 line 1 to page 28 line 13 (Dkt. 344).

This motion is based on this notice of motion, the memorandum of points and authorities in support of the motion, and any argument or evidence that may be presented to the Court prior to its ruling.

Respectfully submitted,

Dated: January 24, 2022     /s/ Barbara J. Chisholm

HAMILTON CANDEE (Cal. SBN 111376)
BARBARA JANE CHISHOLM (Cal. SBN 224656)
NICOLE COLLINS (Cal. SBN 338506)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

*Attorneys for Plaintiffs Golden State Salmon Association, Natural Resources Defense Council, Inc., Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute*

Dated: January 24, 2022     /s/ Glen H. Spain

GLEN H. SPAIN (Cal. SBN 88097)
P.O. Box 11170
Eugene, OR 97440-3370
Telephone: (541) 689-2000

*Attorney for Plaintiffs Pacific Coast Federation of Fishermen's Associations and Institute for Fisheries Resources*

1    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
2    **PLAINTIFFS' MOTION TO STRIKE DECLARATIONS FILED BY INTERVENORS**
3    **REGARDING ECONOMIC HARM**

This Court should strike evidence and arguments offered by Intervenors regarding claimed economic costs associated with the injunctive relief requested by Plaintiffs to remedy violations of Section 7(a) of the Endangered Species Act ("ESA"), 16 U.S.C. §1536(a). The costs alleged by the myriad of Intervenors' declarants include the economic impact of reductions in water exports or deliveries, but these costs are not relevant and not properly considered in assessing whether a preliminary injunction is necessary to ensure the continued survival and recovery of ESA-listed species in the Bay-Delta. Accordingly, Plaintiffs ask the Court to strike eight declarations in their entirety[1]; portions of six other declarations[2]; and the portion of Intervenors' opposition brief that relies on these declarations or portions of declarations.[3] All of the materials Plaintiffs seek to strike exclusively discuss increased costs and other supposed economic harms associated with the injunctive relief proposed to address ESA violations.

The Supreme Court and the Ninth Circuit have repeatedly held that, because "Congress has determined that under the ESA the balance of hardships always tips sharply in favor of endangered or threatened species," courts considering and issuing injunctive relief under Section 7(a) of the ESA do not have the discretion to consider countervailing allegations of economic costs. *Nat'l Wildlife Fed'n v. Nat'l Marine Fish. Serv.*, 422 F.3d 782, 794 (9th Cir. 2005) (quoting *Marbled Murrelet v. Babbitt*, 83 F.3d 1068, 1073 (9th Cir. 1996)); *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 184 (1978). Evidence regarding the economic consequences of an injunction to address an ESA violation is simply not cognizable by this Court. As such, that evidence is irrelevant and inadmissible under the Federal Rules of Evidence. *See* Fed. R. Evid. 402.

---

[1] Declaration of John Dickey (Dkt. 335); Declaration of Erik Wilson (Dkt. 336); Declaration of Baldomero Hernandez (Dkt. 345); Declaration of the City of San Joaquin Mayor Julia Hernandez (Dkt. 348); Declaration of James L. Jasper (Dkt. 349); Declaration of Martin Macias (Dkt. 350); Declaration of Natalie Caples (Dkt. 351); Declaration of Dr. Michael A. Shires (Dkt. 355).

[2] Declaration of Jose Gutierrez (Dkt. 346), ¶¶8–13; Declaration of Anthea Hansen (Dkt. 347), ¶¶7, 9; Declaration of Lon M. Martin (Dkt. 352), ¶¶5–6, 8, 10–13 & Exh. A (Dkt. 325-1); Declaration of Cindy Kao (Dkt. 353), ¶24; Declaration of William Diedrich (Dkt. 357), ¶¶6–11, 13; Declaration of Ian Buck-MacLeod (Dkt. 359), ¶¶12–13.

[3] Section III.B of Intervenors' opposition brief (Dkt. 344), page 27 line 1 to page 28 line 13.

PLS.' NOTICE OF MOTION AND MOTION TO STRIKE; MEM. OF POINTS & AUTH.
1                                    CASE NO. 1:20-CV-00431-DAD-EPG

The relevance of economic harm to an injunction under the ESA was squarely addressed by the Supreme Court in *Tennessee Valley Authority v. Hill*, a case with parallels to this litigation. 437 U.S. 153. There, conservation groups sued to enjoin the completion of the Tellico Dam. The dam would have provided electricity to 20,000 homes, flood control, recreational opportunities, and improved economic conditions to "'an area characterized by underutilization of human resources and outmigration of young people.'" *Id.* at 157. Unfortunately, completion of the dam would also have adversely modified the critical habitat of the snail darter, a three-inch species of perch. *Id.* at 158–59, 164–65. Even though saving these snail darters "would require the permanent halting of a virtually completed dam for which Congress ha[d] expended more than $100 million," *id.* at 172, the Supreme Court held that such costs—and the lost public benefits of a completed dam—should not be considered in evaluating the need for an injunction. *Id.* at 184 ("The plain intent of Congress in enacting this statute was to halt and reverse the trend toward species extinction, whatever the cost."); *id*. at 187–88 (holding that because Congress viewed the value of endangered species as incalculable, "it would be difficult for a court to balance the loss of a sum certain—even $100 million—against a congressionally declared 'incalculable' value, even assuming we had the power to engage in such a weighing process, ***which we emphatically do not***" (emphasis added)). The Ninth Circuit has recognized and applied this rule faithfully. For instance, in 2005, the Ninth Circuit upheld a district court's refusal to consider evidence of economic harm in the context of a motion for preliminary injunction under the ESA, holding that:

> Given this clear authority, we must at the onset reject the argument of the federal appellants that the district court erred as a matter of law by failing to conduct a traditional preliminary injunction analysis and, in particular, by failing to weigh economic harm to the public in reaching its conclusion. As the Supreme Court has instructed, ***such an analysis does not apply to ESA cases*** because Congress has already struck the balance . . . . Therefore, we conclude that the district court did not apply an incorrect legal standard in this case.

*Nat'l Wildlife Fed'n*, 422 F.3d at 794 (citation omitted; emphasis added).

Under governing Supreme Court and Ninth Circuit precedent, this Court's consideration of Intervenors' arguments and declarations alleging economic harms is, at a minimum, constrained. The challenged declarations allege various economic harms that may (or may not) ultimately flow from reduced water supply allocations to and water diversions by water contractors, should

injunctive relief necessary to avoid jeopardy to ESA-listed species be granted. But once it is clear that maintenance of the status quo would result in irreparable harm to listed species, the ESA clearly tips the balance of the equities in favor of species protection. *See Cottonwood Env't L. Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1090 (9th Cir. 2015) ("There is no question, as firmly recognized by the Supreme Court, that the ESA strips courts of at least some of their equitable discretion in determining whether injunctive relief is warranted."). That is because preserving an endangered species has "incalculable" value, *id.* (quoting *Tenn. Valley Auth.*, 437 U.S. at 187–88), "regardless of the expense or burden it[] might impose," *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 671 (2007).

Here, the challenged declarations and portions of declarations proffered by Intervenors allege various economic harms that Intervenors suggest should be considered in assessing Plaintiffs' proposed injunctive relief. Specifically, they argue that requiring Federal Defendants to ensure that coordinated operations of the Central Valley Project and State Water Project do not jeopardize ESA-listed species might result in economic harm. But Intervenors' claimed economic harms are irrelevant to the Court's weighing of the equities under the ESA and therefore inadmissible. *See* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."). Inundating the Court with such declarations does not change this legal standard.[4]

***

Accordingly, and for the foregoing reasons, the Court should strike the declarations, portions of declarations, and the briefing that relies on these declarations, as set forth in particularity in the Notice of Motion and in notes 1-3 above.

Respectfully submitted,

Dated: January 24, 2022         */s/ Barbara J. Chisholm*

---

[4] Even if the Court could permissibly consider economic impacts (which it cannot), Intervenors present a distorted assessment of those impacts and ignore the long-standing effects of Water Project operations on coastal salmon fisheries, as the case cited by Intervenors recognized. *See Consolidated Salmonid Cases*, 713 F. Supp. 2d 1116, 1169 (E.D. Cal. 2010) ("Even if it is permissible to balance harm to humans and the human environment against Congress' stated desire to protect the Listed Species, doing so in practice is complicated by the harm caused to other human communities by the reduced abundance of salmonids, such as to the salmon fishing industry and the Winnemem Wintu Tribe.").

HAMILTON CANDEE (Cal. SBN 111376)
BARBARA JANE CHISHOLM (Cal. SBN 224656)
NICOLE COLLINS (Cal. SBN 338506)
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

*Attorneys for Plaintiffs Golden State Salmon Association, Natural Resources Defense Council, Inc., Defenders of Wildlife, and Bay.Org d/b/a The Bay Institute*

Dated: January 24, 2022        /s/ Glen H. Spain

GLEN H. SPAIN (Cal. SBN 88097)
P.O. Box 11170
Eugene, OR 97440-3370
Telephone: (541) 689-2000

*Attorney for Plaintiffs Pacific Coast Federation of Fishermen's Associations and Institute for Fisheries Resources*

# PROOF OF SERVICE

CASE: *Pacific Coast Federation of Fishermen's Associations, et al. v. Raimondo, et al.*

CASE NO: U.S. Dist. Ct., E.D. Cal., Case No. 1:20-cv-00431-DAD-EPG

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action; my business address is 177 Post Street, Suite 300, San Francisco, California 94108. I hereby certify that on January 24, 2022, I electronically filed the following with the Clerk of the Court for the United States District Court for the Eastern District by using the CM/ECF system:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE INTERVENORS' DECLARATIONS REGARDING ECONOMIC HARM**

All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 24th day of January, 2022, at Berkeley, California.

        */s/ Barbara J. Chisholm*
        Barbara J. Chisholm