UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *et al*.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>WILBUR ROSS, *et al*.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00431-JLT-EPG<br><br>ORDER REGARDING STIPULATION FOR DISMISSAL OF OJI FAMILY PARTNERSHIP<br><br>(ECF No. 468) |

　　　　On September 14, 2023, the Intervenor-Defendants filed a stipulation purporting to dismiss Intervenor-Defendant Oji Family Partnership from this action without prejudice. (ECF No. 468). However, the Court has reviewed the stipulation and finds it to be deficient for this purpose and thus will not direct the Clerk of Court to terminate Oji Family Partnership at this time.

　　　　As an initial matter, the Court notes that, to the extent that the parties intended this filing as a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the stipulation must be "signed by all parties who have appeared." *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (While Rule 41(a) "governs dismissals of *entire actions* . . . [m]ost contemporary courts, including [the Ninth Circuit], have declined to read the rule literally as permitting the dismissal only of an entire action against all defendants. . . . These same cases, however, have only extended the rule to allow the dismissal of all claims against one defendant, so that a defendant may be dismissed from the entire action."). Here, Plaintiffs and the Intervenor-Defendants have signed the stipulation, but not the Defendants.

The Court notes that Rule 41(a)(2) permits dismissal "by court order, on terms that the court considers proper," but it is unclear whether the parties intended such a dismissal. In their future filing, the parties should cite the specific provision that they intend to proceed under. And if the parties fail to do so, the Court will construe the filing under the most applicable rule.

Second, it is unclear which case the parties are attempting to dismiss Oji Family Partnership, if not two cases. Specifically, this action is related to *California Natural Resources Agency, et al. v. Gina Raimondo, et al.*, 1:20-cv-426-JLT-EPG. In both cases, the presiding District Judge entered an order on September 14, 2023, permitted the parties to file a stipulation of dismissal as to Oji Family Partnership. While the stipulation was filed within the record of the instant case, the stipulation references, "*Pacific Coast Federation of Fishermen's Associations et al. v. **Raimondo** et al.*, Case No. 1:20-cv-431-JLT-EPG." (Emphasis added). Notably, Raimondo is a defendant in 1:20-cv-426-JLT-EPG, not this case, making it unclear whether the stipulation was actually intended for the instant case. Moreover, the parties have not yet filed any stipulation in 1:20-cv-426-JLT-EPG.

Accordingly, IT IS ORDERED as follows:

1. The Court deems the stipulation (ECF No. 468) ineffective to dismiss Oji Family Partnership.
2. The parties are directed to file a proper dispositional document, with specific reference to the applicable dismissal provision, and ensure that they file the document in the correct case.

IT IS SO ORDERED.

Dated:   **September 15, 2023**                    /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

2